April N. Bonifatto, Esq.
Nevada Bar No. 11924
**LAW OFFICE OF APRIL N. BONIFATTO**
10845 Griffith Peak Drive, Suite 200
Two Summerlin Building
Las Vegas, NV 89135
(702) 721-7088 - Office
(702) 989-8436 - Facsimile
Email: april@bonifattolaw.com

David T. Duncan, Esq.
Nevada Bar No. 9546
California Bar No. 288843
**DUNCAN LAW FIRM, P.C.**
6200 Stonebridge Mall Road, Suite 300
Pleasanton, CA 94588
(925) 240 – 3862 – Office
(855) 879 – 3862 – Facsimile
Email: Duncan@dunclaw.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN VAN CAMP, an individual, and JULIE VAN CAMP, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> YAMAHA MOTOR CO., LTD., a Japanese Corporation, YAMAHA MOTOR CORPORATION, USA, INC., a California Corporation, YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA, a Georgia Corporation, RIDENOW, LLC a/k/a RIDENOW POWERSPORTS, a Nevada Limited Liability Company, and DOES I through 100, inclusive, <br><br> Defendants. | Case No.: <br> Dept. No.: <br><br><br><br> **COMPLAINT** <br><br> **JURY DEMAND** |

Plaintiffs JOHN VAN CAMP and JULIE VAN CAMP (hereinafter "Plaintiffs"), by and through their counsel of record, April N. Bonifatto, Esq. of the Law Office of April N. Bonifatto and David T. Duncan, Esq. of Duncan Law Firm, P.C., hereby bring this Complaint against Defendants YAMAHA MOTOR CO., LTD., YAMAHA MOTOR CORPORATION, USA, INC., YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA, RIDENOW, LLC a/k/a RIDENOW POWERSPORTS, and DOES I through 100, inclusive, and allege as follows:

**THE PARTIES**

1. Plaintiffs, JOHN VAN CAMP AND JULIE VAN CAMP are, and were, at all relevant times, legally married.
2. Plaintiffs are both residents of Arizona.
3. Defendant YAMAHA MOTOR CO., LTD. (hereinafter "YMC") is, and at all relevant times to this Complaint was, a Japanese corporation whose principal place of business is in Shirzuoka, Japan. At all relevant times, Defendant YMC was doing business for profit in Nevada.
4. Defendant YAMAHA MOTOR CORPORATION, USA, INC. (hereinafter "YMUS") was, and is, a California corporation with a principal place of business in the City of Cypress, County of Orange, State of California. YMUS is generally engaged in the business of exporting, manufacturing, designing, testing, inspecting, distributing, leasing, selling, maintaining, retrofitting, repairing, and servicing side-by-side and other types of recreation equipment in the state of Nevada. At all relevant times, Defendant YMUS was doing business for profit in Nevada.
5. Defendant YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA (hereinafter "YMMC") is, and at all times relevant to this Complaint was, a corporation organized and existing under the laws of the state of Georgia. At all relevant times, Defendant YMMC was doing business for profit in Nevada.

6. Defendant, RIDE NOW, LLC a/k/a RIDENOW POWERSPORTS (hereinafter "RIDENOW") is a Nevada LLC. At all relevant times, Defendant RIDENOW was doing business for profit in Nevada.

7. Defendants YMUS, YMMC, and YMC and DOES 1 through 30 are part of a single business enterprise. For example, Tatsumi Okawa, a former President of YMUS, is on the Board of Directors as a Director of YMC, Kazuhiro Kuwata, current President of YMUS is on the Board of Directors as a Senior Executive of YMC; and Hirofumi Usui is a Director of YMUS and is on the Board of Directors as a Senior Executive Officer of YMC.

8. Defendants YMMC, YMUS and DOES 1 through 20 are agents of Defendants YMC and DOES 21 through 30 and are performing services that are sufficiently important to Defendants YMC and DOES 21 through 30 that if it did not have Defendants YMUS, YMMS or DOES 21 through 30's own officials would undertake to perform substantially similar services.

9. Defendants YMC and DOES 21 through 30 direct Defendants YMUS, YMMC and DOES 1 through 20 to take action in Nevada through its sale of Yamaha motor products. Throughout this Complaint, Defendants YMC, YMUS, and YMMC and DOES 1 through 30 will collectively be referred to as YAMAHA Defendants.

10. At all relevant times, Defendant RIDENOW generally engaged in the business of maintaining a motor sports dealership(s) in Nevada. At all relevant times, Defendant RIDENOW and DOES 31 through 40 were engaged in the business of selling motor sports vehicles and equipment, including the subject Yamaha. Defendant RIDENOW and DOES 31 through 40 took possession of the newly manufactured subject Yamaha from YAMAHA Defendants and first sold and placed it into the stream of commerce.

11. The true names, capacities or involvement, whether individual, corporate, governmental or associate of the Defendants named herein as Does 41-100 are unknown to Plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs pray leave to amend this Complaint to show their true names and capacities when the same have been finally determined.

12. Plaintiffs are informed and believe, and upon such information and belief allege, that each of the Defendants designated herein as Does 41-100 is negligently, strictly or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly or otherwise caused injury and damages legally thereby to Plaintiffs as is hereinafter alleged.

13. At all relevant times, each and every one of the Defendants herein were part of the same single business enterprise and/or was the agent, servant, partner, joint venture, alter ego, employee and/or franchise of each of the other Defendants, and each was at all times acting as a part of the same single business enterprise and/or within the course and scope of such agency, service, employment, joint venture, partnership and/or franchise.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and in which a citizen or subject of a foreign state is an additional party, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

15. Jurisdiction is proper in Nevada pursuant to the Fourteenth Amendment of the United States Constitution because Defendants have sufficient minimum contacts with Nevada and have purposefully availed themselves of the benefits and protections of doing business in the State of Nevada so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

///

16. Pursuant to 28 U.S.C. 1391(b)(1), venue is proper because a civil action may be brought in a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located.  For purposes of venue, pursuant to 28 U.S.C 1391(c)(2), Defendants YMCU, YMCC, and RIDENOW are residents of Nevada.  For purposes of venue, pursuant to 28 U.S.C 1391(c)(3), YMC is a defendant not resident in the United States and may therefore be sued in any judicial district.  Further, the joinder of YMC shall be disregarded when determining where an action may be brought with respect to other defendants.

17. Alternatively, pursuant to 28 U.S.C. 1391(b)(3), venue is proper because a civil action may be brought in any judicial district in which any defendant is subject to this court's personal jurisdiction with respect to such action.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. On October 24, 2019, Plaintiff, JOHN VAN CAMP was operating his 2016 Yamaha YXZ (the "Yamaha YXZ") 1000R in Glamis, California.

19. The Yamaha YXZ's Serial Number is AN03Y 010032 and its Model Number is: YXZ10YPXGL.

20. The Yamaha YXZ included no modifications and was purchased brand new by JOHN VAN CAMP, straight off the dealer floor at RideNow Powersports Chandler in Chandler, Arizona (Dealer No: 330930).

21. JOHN VAN CAMP purchased the Yamaha Extended Service Contract (Contract No: 1-1538744610), identifying both Plaintiff JOHN VAN CAMP and the dealer as RideNow Powersports Chandler.

22. On October 24, 2019, during the day, JOHN and JULIE VAN CAMP decided to go on a short ride lasting approximately a half hour in the Glamis "flats."

23. JOHN and JULIE VAN CAMP owned two 2016 Yamaha YXZ 1000R's.

24. During the ride leading up to the incident, JOHN and JULIE VAN CAMP each operated their own 2016 Yamaha YXZ 1000R.
25. JOHN VAN CAMP operated the subject Yamaha YXZ.
26. JOHN and JULIE VAN CAMP both had passengers in their respective Yamahas.
27. JOHN VAN CAMP's son was his passenger by his side in his Yamaha YXZ while JULIE VAN CAMP had a family friend riding as passenger in her UTV.
28. Both JOHN VAN CAMP and his son were properly restrained, wearing helmets, and not was under the influence of drugs or alcohol.
29. The VAN CAMPS decided to head back to camp through the "flats" to meet their childhood friend who was joining them for vacation.
30. JULIE VAN CAMP drove her Yamaha behind JOHN VAN CAMP during their ride back to camp.
31. While the VAN CAMPS were heading back to camp, they drove through Wash 13 on the "flats," travelling at a reasonable and safe speed with JULIE VAN CAMP still following closely behind JOHN VAN CAMP.
32. The vehicles approached a slight downward "slope" on the flats with a nominal grade percentage when suddenly, without any notice, JOHN VAN CAMP's Yamaha YXZ unexpectedly forward rolled (back over front) one full rotation before landing upright with all four wheels on the sand.
33. The rollover protection system failed because the roof significantly intruded into the driver's side head compartment.



34. Below are two more photographs demonstrating the defective rollover protection system on JOHN VAN CAMP'S Yamaha YXZ.





35. JULIE VAN CAMP and her passenger witnessed the entire incident.

36. JOHN VAN CAMP'S Yamaha YXZ captured the incident from inside his vehicle with a 360 Fly camera.

37. As a result, JOHN VAN CAMP sustained serious and permanent bodily injury, including, but not limited to, a broken neck (requiring emergency surgery) and traumatic brain injury.

38. JOHN VAN CAMP's injuries are catastrophic and permanent.

39. After the incident, JOHN VAN CAMP was airlifted from Glamis to receive acute medical care.

40. The YAMAHA Defendants developed, designed, manufactured, marketed, distributed, sourced and entered into the stream of commerce by selling to, distributing to, or sourcing to Defendant RIDENOW, Side-by-Sides, including the subject Yamaha.

41. On and before October 24, 2019, the subject Yamaha was equipped with features and components that the YAMAHA Defendants referred to in their public facing documents as an "Occupant Protection System."

42. According to YAMAHA Defendants, the "Occupant Protection System" included a protective structure called an "Overhead Protect System," which Defendants also referred to as a "Roll-over Protection Structure."

43. The Yamaha YXZ's "Occupant Protection System" was expected to provide crush protection to JOHN VAN CAMP during the rollover event.

44. The rollover protection system is both defective and dangerous.

45. The structures that make up the "Overhead Protection System" in the subject Yamaha YXZ were deformed to the point that the occupant space was completely compromised and crushed inwards.

46. The rollover protection system failed and intruded into the driver's side approximately (8) inches.

///

///

47. Below is a photographic comparison of JOHN VAN CAMP'S defective Yamaha XYZ with a crushed roof (left side) with JULIE VAN CAMP'S undamaged 2016 Yamaha YXZ 1000R (right side).



*(Subject Yamaha YXZ)*                   *(Undamaged Yamaha YXZ)*

**FIRST CAUSE OF ACTION**
*(Product Liability – Strict Liability – Defective Product)*
*(Plaintiff John Van Camp)*

48. Plaintiffs repeat and re-allege and fully incorporate by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.
49. Defendants were the manufacturer, distributor, and/or seller who can be regarded as a merchant engaged in the business of supplying goods of the kind involved in the case.
50. The Yamaha was defective because it was unreasonably dangerous.

51. The Yamaha failed to perform in the manner reasonably to be expected in light of its nature and intended function and was more dangerous than would be contemplated by the ordinary user having the ordinary knowledge in the community.
52. The defect(s) existed when the Yamaha left the Defendants' possession.
53. The Yamaha was used in a manner which was reasonably foreseeable by the Defendants.
54. The defect(s) was a legal cause of the damage or injuries to Plaintiffs in excess of $75,000, exclusive of interests and costs.

## SECOND CAUSE OF ACTION
*(Negligence – Plaintiff John Van Camp)*

55. Plaintiffs repeat and re-allege and fully incorporate by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.
56. Defendants owed Plaintiffs a duty to use reasonable care to eliminate foreseeable dangers which subject a user to an unreasonable risk of harm.
57. Defendants breached their duty to use reasonable care to eliminate foreseeable dangers which subject a user to an unreasonable risk of harm.
58. Defendants breaches of their duty of care was the legal cause of damages and injuries to Plaintiffs in excess of $75,000, exclusive of interests and costs.

## THIRD CAUSE OF ACTION
*(Loss of Consortium – Plaintiff Julie Van Camp)*

59. Plaintiffs repeat and re-allege and fully incorporate by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.
60. Plaintiff JULIE VAN CAMP is, and at all relevant times was, the lawful spouse of Plaintiff JOHN VAN CAMP.
61. Defendants owed Plaintiff JULIE VAN CAMP a duty of reasonable care.
62. Defendants' legal fault caused Plaintiff JOHN VAN CAMP to suffer catastrophic and permanent injuries.

///

63. Before the incident, Plaintiff JOHN VAN CAMP was able to, and did, perform all the duties of a husband, including, but not limited to, assisting in maintaining the home, providing love, companionship, affection, society, moral support, intimacy, and solace to Plaintiff JULIE VAN CAMP.

64. As a legal result of the and fault of the Defendants, Plaintiff JULIE VAN CAMP suffered the loss of support, service, love, companionship, affection, society, intimacy, and other elements of consortium, all to Plaintiff's general damage, in an amount in excess of $75,000, exclusive of interests and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgement against the Defendants as follows:

1. For general (non-economic) damages according to proof at the time of trial;
2. For special (economic) damages according to proof at the time of trial;
3. For damages for loss of consortium as to Plaintiff, JULIE VAN CAMP, for past and future loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, according to proof;
4. For prejudgment interest as permitted by law;
5. For costs of suit incurred herein as permitted by law; and
6. For such other and further relief as this Court may deem proper.

DATED this 21st day of October 2021

| **LAW OFFICE OF APRIL N. BONIFATTO** | **DUNCAN LAW FIRM, P.C.** |
|---|---|
| By: /s/ *April N. Bonifatto* | By: /s/ *David T. Duncan* |
| **April N. Bonifatto, Esq.** | **David T. Duncan, Esq.** |
| Nevada Bar No. 11924 | Nevada Bar No. 9546 |
| 10845 Griffith Peak Drive, Suite 200 | California Bar No. 288843 |
| Two Summerlin Building | 6200 Stoneridge Mall Road, Suite 300 |
| Las Vegas, NV 89135 | Pleasanton, CA 94588 |
| (702) 721-7088 – Office | (925) 240 – 3862 – Office |
| (702) 989- 8436 – Facsimile | (855) 879 – 3862 – Facsimile |
| Email: april@bonifattolaw.com | Email: Duncan@dunclaw.com |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |

# DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

DATED this 21st day of October 2021.

| | |
|---|---|
| **LAW OFFICE OF APRIL N. BONIFATTO** | **DUNCAN LAW FIRM, P.C.** |
| By: /s/ *April N. Bonifatto*<br>***April N. Bonifatto, Esq.***<br>Nevada Bar No. 11924<br>10845 Griffith Peak Drive, Suite 200<br>Two Summerlin Building<br>Las Vegas, NV 89135<br>(702) 721-7088 – Office<br>(702) 989- 8436 – Facsimile<br>Email: april@bonifattolaw.com<br>*Attorneys for Plaintiffs* | By: /s/ *David T. Duncan*<br>***David T. Duncan, Esq.***<br>Nevada Bar No. 9546<br>California Bar No. 288843<br>6200 Stoneridge Mall Road, Suite 300<br>Pleasanton, CA 94588<br>(925) 240 – 3862 – Office<br>(855) 879 – 3862 – Facsimile<br>Email: Duncan@dunclaw.com<br>*Attorneys for Plaintiffs* |