APRIL N. BONIFATTO, ESQ.
Nevada Bar No. 11924
**LAW OFFICE OF APRIL N. BONIFATTO**
10845 Griffith Peak Drive, Suite 200
Two Summerlin Building
Las Vegas, NV 89135
(702) 721-7088 - Office
(702) 989-8436 - Facsimile
Email: april@bonifattolaw.com

DAVID T. DUNCAN, ESQ.
Nevada Bar No. 9546
California Bar No. 288843
**DUNCAN LAW FIRM, P.C.**
6200 Stonebridge Mall Road, Suite 300
Pleasanton, CA 94588
(925) 240 – 3862 – Office
(855) 879 – 3862 – Facsimile
Email: duncan@dunclaw.com
*Attorneys for Plaintiffs,*
*John Van Camp and Julie Van Camp*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN VAN CAMP, an individual, and JULIE VAN CAMP, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>YAMAHA MOTOR CO., LTD., a Japanese Corporation, YAMAHA MOTOR CORPORATION, USA, INC., a California Corporation, YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA, a Georgia Corporation, RIDENOW, LLC a/k/a RIDENOW POWERSPORTS, a Nevada Limited Liability Company, and DOES I through 100, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-01945-JCM-VCF<br><br>ORDER TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES PENDING RESOLUTION OF MOTIONS |

Plaintiffs, JOHN VAN CAMP and JULIE VAN CAMP (collectively "Plaintiffs") and Defendants[1] YAMAHA MOTOR CORPORATION, U.S.A. ("YMUS") (named erroneously as YAMAHA MOTOR CORPORATION, USA, INC.) and YAMAHA MANUFACTURING CORPORATION OF AMERICA ("YMMC") ("Defendants" and collectively with Plaintiffs, the "Parties"), pursuant to Fed. R. Civ. P. 16 and 26 and LR IA 6-2, respectfully request that this Court temporarily stay discovery and all pretrial deadlines pending resolution of each of the three dispositive Motions to Dismiss (ECF Nos. 13, 33, and 37) filed in this matter. In support thereof, the Parties state as follows:

1. This is the first request to stay proceedings in this matter, and the present Stipulation is not sought for purposes of delay.
2. The Parties respectfully request that this Court issue an order staying discovery and pretrial deadlines until the pending dismissal motions are resolved by the Court.
3. The Motions pending before the Court are as follows:
    (1) Defendant Yamaha Motor Co., Ltd.'s Motion to Dismiss Plaintiffs' Complaint, or, Alternatively, Motion to Quash Attempted Service (ECF No. 13);
    (2) Yamaha Motor Corporation, U.S.A. and Yamaha Motor Manufacturing Corporation of America's Motion to Dismiss Plaintiffs' Complaint (ECF No. 33); and
    (3) Plaintiffs' Countermotion for Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) (ECF No. 37).
4. The Court's decisions relating to the pending motions to dismiss will determine the posture of the case and how the Parties may each proceed given the dispositive nature of the Motions. This will prevent potential unnecessary expenditures of the Parties and judicial resources. *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.

---

[1] Defendant, RIDENOW, LLC a/k/a RIDENOW POWERSPORTS was dismissed pursuant to a Stipulation of Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) on January 28, 2022 (ECF No. 32). Defendant YAMAHA MOTOR CO., LTD. has not answered Plaintiffs' Complaint and was not a filing party of the Stipulated Discovery Plan and Scheduling Order (ECF No. 25), as its sole and limited appearance in this suit has been through its motion to dismiss. (ECF Nos. 13, 22).

Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); *Vivid Techs., Inc. v. Am. Scl. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (Internal quotation omitted)).

5. With deadlines approaching relatively soon under the Discovery Plan and Scheduling Order (ECF No. 27), Amending the Pleadings and Adding Parties (July 5, 2022), Expert Disclosures (August 1, 2022) and the Discovery deadline of September 30, 2022, the Parties believe the requested stay is necessary.

6. The Parties agree that the relief sought herein is necessary to handle the case in the most economical and efficient fashion. Given that the Court's decisions on the pending dispositive motions will determine whether this case will proceed in Nevada, there is good cause to stay deadlines set forth in the Discovery Plan and Scheduling Order (ECF No. 27).

///

///

///

**WHEREFORE**, the Parties respectfully request the Court's approval of this stipulation to stay discovery and all pretrial deadlines until each of the pending motions to dismiss are resolved.

**IT IS SO STIPULATED**

Respectfully submitted on: May 5, 2022.

| **LAW OFFICE OF APRIL N. BONIFATTO** | **DUNCAN LAW FIRM, P.C.** |
|---|---|
| By: **/s/ *April N. Bonifatto*** <br> APRIL N. BONIFATTO, ESQ. <br> april@bonifattolaw.com <br> 10845 Griffith Peak Drive, Ste. 200 <br> Las Vegas, Nevada 89135 <br> ***Attorneys for Plaintiffs*** | By: **/s/ *David T. Duncan*** <br> DAVID T. DUNCAN, ESQ. <br> duncan@dunclaw.com <br> 6200 Stoneridge Mall Road, Ste. 300 <br> Pleasanton, California, 94588 <br> ***Attorneys for Plaintiffs*** |
| **BOWMAN AND BROOKE LLP** <br><br> By: **/s/ *Charles M. Seby*** <br> CHARLES M. SEBY, ESQ. <br> charles.seby@bowmanandbrooke.com <br> Suite 1600 Phoenix Plaza <br> 2901 North Central Ave. <br> Phoenix, Arizona 85012-2761 <br> ***Attorneys for Defendants***, Yamaha Motor Corporation, U.S.A. and Yamaha Motor Manufacturing Corporation of America. | |

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: 05/05/2022