UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN VAN CAMP, et al., | Case No. 2:21-CV-1945 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| YAMAHA MOTOR CO., LTD., et al, | |
| Defendant(s). | |

Presently before the court is plaintiffs John and Julie Van Camp's (collectively, "plaintiffs") motion to voluntarily dismiss their claims. (ECF No. 37). Defendants Yamaha Motor Corporation, U.S.A. (pleaded as "Yamaha Motor Corporation, USA, Inc.") ("YMUS"), Yamaha Motor Manufacturing Corporation of America ("YMMC"), and Yamaha Motor Co., Ltd. ("YMC") (collectively, "defendants") filed a response (ECF No. 40), to which plaintiffs replied (ECF No. 41).

Also before the court are defendants' motions to dismiss (ECF Nos. 13; 33), and former defendant RideNow, LLC's ("RideNow") motion for judgment on the pleadings (ECF No. 18).

I.   **Background**

Plaintiffs filed their complaint against defendants and RideNow on October 21, 2021. (ECF No. 1). Defendants moved to dismiss for improper service or alternatively quash service on December 3, 2021. (ECF No. 13). Plaintiffs and defendants exchanged initial disclosures on January 19 and 20, 2022. (*See* ECF No. 41 at 2). Plaintiffs' voluntarily dismissed RideNow as a party via a stipulated dismissal on January 28, 2022. (*See* ECF No. 32). Plaintiffs filed a California state court action arising from this incident on February 18, 2022. (*See* ECF No. 37-2). Four days later, plaintiffs moved to voluntarily dismiss this action. (ECF No. 37).

**James C. Mahan**
**U.S. District Judge**

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request dismissal of an action after the filing of an answer. Dismissal is appropriate so long as no other party will suffer legal prejudice. FED. R. CIV. P. 41(a)(2); 9 Wright & Miller, Federal Practice & Procedure: Civil, § 2364, at 165 (1971). "Legal prejudice" means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

The court has the discretion to dismiss a matter subject to any terms and conditions that it considers proper. *Westlands Water Dist. v. United States*, 100 F .3d 94, 96 (9th Cir.1996). In exercising its discretion, the Court must make three separate determinations: (1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119 (N.D.Cal.1980). *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995).

**III.    Discussion**

As an initial matter, the parties agree that plaintiffs' claims are improperly before this court and should be dismissed. (ECF Nos. 37; 40). Therefore, dismissal is appropriate.

The parties argue two aspects of dismissal—prejudice and fees. Plaintiffs argue that this matter should be dismissed without prejudice and that no fees should be awarded; defendants argue for dismissal with prejudice and seek fees. The court agrees with plaintiffs.

While the Ninth Circuit has not adopted an exhaustive list of factors for determining legal prejudice, "[t]he following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Burnette*, 828 F. Supp. at 1443–44 (citation and internal quotation marks omitted).

First, defendants' efforts and expenses relate to preparing early-stage dismissal motions, not preparing for trial. While the Yamaha defendants have briefed two motions to dismiss and served initial disclosures, those resources ultimately aided defendants' goal to have plaintiffs'

James C. Mahan
U.S. District Judge

- 2 -

claims dismissed from this court.  Next, plaintiffs' delay in seeking dismissal was not excessive.  At the time plaintiffs moved to dismiss, the court had not determined any dispositive motions.  Further, plaintiffs cannot be said to have lacked diligence in prosecuting this action considering the parties' consistent correspondence regarding transfers of venue.  Finally, there is a clear need for dismissal to allow the parties to litigate these claims in a more appropriate forum.  Therefore, dismissal without prejudice is appropriate.

As to conditions of dismissal, defendants argue that they should be awarded fees.  (ECF No. 40).  The court disagrees.  The alleged prejudice that defendants suffered is expenditure of resources in crafting arguments regarding plaintiffs' improper service and this court's lack of jurisdiction over these parties and claims.  (*See* ECF Nos. 13; 22; 33; 39; 40).  However, even if defendants prevailed on their motions, they sought the same result as plaintiffs now request—dismissal without prejudice and/or transfer to another jurisdiction.  (*See generally* ECF Nos. 13; 33).[1]  Therefore, dismissal is appropriate without an award of attorneys' fees.

Accordingly, plaintiffs' motion to dismiss (ECF No. 37) is GRANTED.  Plaintiffs' claims are dismissed without prejudice.  Consequently, all other pending motions (ECF Nos. 13; 33) are dismissed as moot.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to dismiss (ECF No. 37) be, and the same hereby is, GRANTED.  Plaintiffs' claims are dismissed without prejudice.

IT IS FURTHER ORDERED that defendants' motions to dismiss (ECF Nos. 13; 33) be, and the same hereby are, DENIED as moot.

. . .

. . .

. . .

---

[1] Defendants did not specifically seek dismissal with prejudice in either of their motions to dismiss.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1     IT IS FURTHER ORDERED that defendant RideNow's motion for judgment on the
2  pleadings (ECF No. 18) be, and the same hereby is, DENIED as moot.
3     The clerk is instructed to close this case accordingly.
4     DATED June 27, 2022.

                                         _____
                                         UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -